NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EVONNE JONES,

Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant-Appellee.

No. 23-16136

D.C. No. 2:22-cv-00313-JAT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted July 17, 2024
San Francisco, California

Before: M. SMITH, BENNETT, and JOHNSTONE, Circuit Judges.

Evonne Jones appeals the district court's order affirming the denial of her

application for disability insurance benefits under Title II of the Social Security

Act, 42 U.S.C. §§ 401–34. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a district court's judgment affirming a decision of an

Administrative Law Judge ("ALJ") to deny benefits and "reverse only if the ALJ's

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Smith v. Kijakazi*, 14 F.4th 1108, 1111 (9th Cir. 2021). We reverse and remand this case for further proceedings.

1. The ALJ failed to provide "specific, clear, and convincing reasons" for discounting most of Jones's statements about the severity of her symptoms. *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014)). An ALJ may reject a claimant's subjective symptom testimony based on contradictory medical evidence in the record, but the ALJ's rationale for doing so must be "clear enough that it has the power to convince." *Id.* at 499. Thus, an ALJ "must state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). From what we discern of the ALJ's reasoning, *see Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), we cannot conclude that the ALJ provided clear or convincing reasons to discount most of Jones's symptom testimony given the record before us,[1] *see Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

---

[1] Substantial evidence supports the ALJ's discounting of two facets of Jones's testimony: (1) that she is generally non-functional most of the time and (2) the limiting effects of her neck pain. The ALJ cited treatment notes in the record that undercut Jones's claims about her limited daily functioning. The ALJ also relied on medical records that support a finding that the limiting effects of her neck pain were not as severe as reported. *See* 20 C.F.R. § 1529(c)(2).

The ALJ erred in discounting Jones's statements about her symptoms relating to her psoriatic arthritis as being inconsistent with her receipt of treatment. The ALJ never articulated *why* Jones's injections and medications were inconsistent with her account of her psoriatic arthritis symptoms. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (stating that the specific, clear, and convincing standard requires the ALJ to "explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony"). Contrary to the Commissioner's contention on appeal, the ALJ made no findings about the efficacy or allegedly conservative nature of these treatments. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("[W]e cannot . . . speculate as to the grounds for the ALJ's conclusions."). And although the ALJ cited to a treatment note indicating that Humira and methotrexate helped Jones's joints and skin in the past, the record shows that these prescriptions became ineffective.

The ALJ next erred in discounting Jones's complaints about her back pain and its associated limitations. Here again, despite recounting Jones's prior back surgeries and stimulator insertions, the ALJ made no findings about the efficacy of these procedures or Jones's capabilities following their performance. *See Ferguson*, 95 F.4th at 1200; *Treichler*, 775 F.3d at 1103. And it is hard to ascertain as much from the record, especially since, as the ALJ acknowledged, Jones fell and

3

damaged her stimulator after her most recent procedure in May 2018. The ALJ also cited an earlier treatment note, which stated that Jones had "minimal symptoms with a back brace." But this is not a convincing reason to discount Jones's symptom testimony. Not only is the treatment note the only documentation of this observation, but it is also belied by the full record, which shows that Jones consistently presented with severe and pervasive back pain since this time— including after falls in December 2018, July 2019, and August 2019. Without more, the ALJ's reliance on a single medical note is exactly the kind of "cherry-pick[ing]" of the evidence that this Court prohibits. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

2. The ALJ's rejection of the medical opinion of Jones's rheumatologist, Dr. Shehadeh, as inconsistent with the medical record is also unsupported by substantial evidence. *See* 20 C.F.R. § 404.1520c(c)(2); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). The ALJ rejected the medical opinion of Dr. Shehadeh by relying on much of the same evidence used to discount Jones's symptom testimony. But as with Jones's symptom testimony, the ALJ did not explain *why* the medical evidence in the record conflicted with most of Dr. Shehadeh's conclusions.[2] *See Woods*, 32 F.4th at 792 (holding that an ALJ "must . . . 'explain

---

[2] While the ALJ did not explain the conflicting record evidence related to most of Dr. Shehadeh's conclusions, the ALJ did sufficiently explain her conclusion that

how [the ALJ] considered the supportability and consistency factors' in reaching [the ALJ's] findings" (quoting 20 C.F.R. § 404.1520c(b)(2))); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (stating that an ALJ "must do more than offer his conclusions" and "must set forth his own interpretations and explain why they, rather than the doctors', are correct"). For example, the ALJ cited treatment notes showing that Jones had a normal range of motion in her neck, but Dr. Shehadeh did not rely on Jones's neck pain when formulating his opinion. The ALJ also noted that Jones underwent several treatments for her joint and back pain but made no findings as to whether Jones's condition had improved. And again, the ALJ cited the single treatment note showing that Jones had "minimal symptoms with a back brace," though the record as a whole does not align with this assessment. *See Garrison*, 759 F.3d at 1009.

3. Because both Dr. Shehadeh's opinion and Jones's testimony directly conflict with the ALJ's residual functional capacity ("RFC"), the identified errors cannot be deemed harmless. *See Brown-Hunter*, 806 F.3d at 492, 494 ("An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" (quoting *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a))).

---

Jones could stand or walk longer than Dr. Shehadeh suggested. The ALJ observed both that Jones previously had only "mild weakness of the legs" and displayed normal "gait and balance." Several treatment records confirm those observations.

4. Because she failed to raise the issue before the district court, Jones has forfeited her argument that the ALJ erred in failing to incorporate into the RFC the noise limitations found in the opinions of the state-agency consultants. *See Smartt*, 53 F.4th at 500–01.

5. Because further development of the record would allow the ALJ to properly assess Jones's subjective symptom testimony and Dr. Shehadeh's medical opinion, as well as to obtain additional vocational expert testimony based on a reformulated RFC, this is not the rare case in which remand for an immediate award of benefits is warranted. *Cf. Garrison*, 759 F.3d at 1020. We therefore reverse the judgment of the district court and remand with instructions for the district court to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED and REMANDED**.